STATE OF WEST VIRGINIA

FILED

December 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LYNNDALL W. DUNN,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1013** (BOR Appeal No. 2048196)
                    (Claim No. 2006019053)

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Lynndall W. Dunn, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Company, LLC, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 5, 2013, in which the Board affirmed a January 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 27, 2012, decision which denied a reopening of the claim for an additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dunn, a coal miner, was injured in the course of his employment on November 18, 2005, when he slipped on oil and fell. His claim was held compensable for sprain/strain of the left knee and tear of the medial meniscus of the left knee. He underwent surgery to treat the meniscal tear and was found to be at maximum medical improvement on October 25, 2006, in an independent medical evaluation by Robert Kropac, M.D. He was granted a 3% permanent partial disability award on November 14, 2006.

In an independent medical evaluation on April 23, 2009, Paul Craig, M.D., noted that Mr. Dunn suffered from generalized osteoarthritis which was responsible for most of his overall discomfort. The condition was not work-related and was progressive in nature. He assessed 1% whole person impairment for the left knee. He stated that Mr. Dunn's degenerative knee changes are well documented in his medical records and are expected to progress over time. Randall Short, D.O., concurred in a physician review on April 5, 2010. He recommended denying an injection for the left knee because the injection was for non-compensable conditions. Mr. Dunn had gone more than three years without left knee treatment and the current treatment was for arthritis. A December 16, 2005, MRI showed advanced degenerative changes of the lateral meniscus. Dr. Short stated that those changes would not have resulted from the compensable injury. The degenerative changes were expected to progress with age.

The StreetSelect Grievance Board also recommended denying retroactive authorization for a left knee injection on May 21, 2010. It noted that Mr. Dunn underwent left knee surgery for a torn meniscus and was also diagnosed with a grade III chodromalacia, a condition which is degenerative in nature and not work-related. Mr. Dunn was found to be at maximum medical improvement on October 25, 2006, and was not treated for the left knee again until January 29, 2010. His left knee pain thereafter increased over several months. The Board determined that the complaints are likely due to the significant, pre-existing degenerative disease. On January 24, 2011, the Office of Judges affirmed a claims administrator's decision denying a request for retroactive authorization for a left knee injection. It found that there was no evidence that Mr. Dunn's knee pain was the result of the compensable injury.

Bruce Guberman, M.D., performed an independent medical evaluation on October 26, 2010, at which time Mr. Dunn reported left knee pain that gradually and progressively worsened. Dr. Guberman diagnosed chronic post-traumatic strain of the left knee and status post partial medial menisectomy and debridement of the patella. He assessed 5% whole person impairment and opined that the injury had progressed. He asserted that Mr. Dunn was therefore entitled to an additional 2% impairment. Marsha Bailey, M.D., disagreed in her October 4, 2012, independent medical evaluation. She opined that Mr. Dunn suffered from chronic left knee pain that was solely the result of degenerative joint disease caused by the normal aging process and accelerated by excess weight. She noted that advanced degenerative joint disease was found on an MRI two weeks after the compensable injury. She stated that Mr. Dunn was not eligible for range of motion impairment rating because his lower back pain restricted his lower extremity range of motion. She assessed 1% whole person impairment and opined that Mr. Dunn did not suffer an aggravation or progression of his compensable injury. His ongoing symptoms were found to be the result of degenerative joint disease and arthritis.

The claims administrator denied a request to reopen the claim for additional permanent partial disability on April 27, 2012. The Office of Judges affirmed the decision in its January 28, 2013, Order. The Office of Judges agreed with the findings of Dr. Bailey, Dr. Short, Dr. Craig, and the StreetSelect Grievance Board. The physicians and Grievance Board all found that Mr. Dunn's ongoing left knee complaints were the result of degenerative joint disease and arthritis, neither of which were work-related. The Office of Judges noted that he had advanced degenerative arthritis in his left knee at the time of the compensable injury, as was documented

by an MRI taken shortly after the injury occurred. Mr. Dunn's left knee symptoms were determined to be the result of progressive degenerative arthritis. Since he had not suffered an aggravation or progression of his compensable injury, the request to reopen the claim for additional permanent partial disability was denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 5, 2013, decision.

On appeal, Mr. Dunn argues that Dr. Guberman's finding that his condition had worsened establishes a prima facie case for reopening the claim for consideration of an additional permanent partial disability award. Pinnacle Mining Company, LLC, asserts that Mr. Dunn's condition is the result of pre-existing degenerative arthritis. Further, Dr. Guberman's finding of range of motion loss is the result of arthritis and not a progression or aggravation of the compensable injury.

After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Pursuant to West Virginia Code §§ 23-5-2 (2005) and 23-5-3 (2009), in order to obtain a reopening of a claim, a claimant must submit evidence showing a progression or aggravation of the compensable injury. Mr. Dunn has failed to show that he sustained a progression or aggravation of his compensable left knee injury. The evidence indicates that his current left knee condition is the result of pre-existing, non-compensable degenerative arthritis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II